## NESBIT v. NORTH GEORGIA ELECTRIC CO.

### (Circuit Court, N. D. Georgia. September 10, 1907.)

1. CREDITORS' SUIT—EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.

A creditors' bill against a corporation, which shows that complainant is merely a simple contract creditor, being the owner of a note given by the defendant, and which further discloses that such note is indorsed by a third party, without showing that either maker or indorser is insolvent, does not state a case within the jurisdiction of a federal court of equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Creditors' Suit, §§ 5–8.]

2. CORPORATIONS—RECEIVER—POWER OF OFFICER TO CONSENT TO APPOINTMENT.

In a suit against a corporation, a consent to the appointment of a receiver, signed by the president, will not be recognized, where it appears from the pleadings that he has an interest adverse to the corporation, and no authority from the directors to give the consent is shown.

In Equity. On motion for appointment of receiver.

Brown & Randolph and Mr. Bowden, for complainant.

SHELBY, Circuit Judge. This is a bill filed by John A. Nesbit, a citizen of Ohio, in his own behalf and in behalf of all other creditors of the North Georgia Electric Company, a corporation organized under the laws of Georgia. The only claim that the complainant asserts against the defendant is that the defendant is indebted to him in the sum of $5,000 upon a promissory note, dated August 1, 1905, and due two years after date, bearing interest at the rate of 6 per cent. per annum. The note is described as having been signed by the defendant company by its then president, A. J. Warner, and made payable to D. M. Stewart or order, and indorsed by D. M. Stewart in blank. There is no averment that the complainant has ever sued at law upon the note and obtained judgment. He sues, in fact, as a simple contract creditor without a lien. The bill contains averments showing that the defendant company owns property of great value. The bill admits ignorance of the value of some of the property. It states on information and belief the value of part of the property. The allegations as to the value of the defendant's property and the amount of the defendant's indebtedness are very indefinite. It does not appear certain from the averments of the bill that the defendant corporation is even insolvent, but, if the bill can be construed as showing the insolvency of the defendant corporation, I do not think that the complainant, as a simple contract creditor, can come into a court of equity to enforce his claim without having first reduced it to judgment. There is nothing in the averments of the bill which takes it out of the operation of the general rule that a plaintiff must exhaust his remedies at law before he can proceed in equity. It further ap-

pears from the bill that one D. M. Stewart is an indorser on the note, and there is no averment of any kind as to his solvency or insolvency. So far as it appears from the averments of the bill, the complainant can collect his $5,000 by a suit at law against Stewart, and he certainly has no proper standing in equity unless he makes it appear by his bill that he cannot collect his note by a suit at law.

It is said that a receiver should be appointed anyway, because there is attached to the bill an agreement or consent, signed by the defendant company by "D. M. Stewart, President," that a receiver be appointed. We are not informed as to the authority of the president to make such consent. It does not appear that there has been any meeting of the board of directors at which a resolution was passed consenting to the appointment of a receiver or conferring authority upon the president to make such consent. The D. M. Stewart who is president of the company is the indorser of the note sued on. It appears therefore that he has an interest in the suit adverse to the company, and if, under ordinary circumstances, he had the power to consent to the appointment of a receiver, such power ought not to be recognized in this case.

The bill on its face, as framed, does not, in my opinion, confer jurisdiction in equity, as it shows that the complainant has an adequate remedy at law.

For these reasons an order will be entered overruling the motion to appoint a receiver.

---

### THE BODO.

(District Court, S. D. New York. September 24, 1907.)

1. SHIPPING—LOSS OF CARGO—LIABILITY OF VESSEL UNDER CHARTER PARTY.

A vessel *held* liable to a charterer under a clause of the charter party, which was for the carriage of bananas, providing that should the vessel be stranded or exposed to other perils resulting in jettison, and the vessel be saved, the owners should pay for the bananas jettisoned 50 cents per stem. The claim that prior to the stranding of the vessel the bananas had become frozen and worthless *held* not sustained by the evidence, even if such fact would constitute a defense.

[Ed. Note.—Loss by perils of the sea, see notes to The Dumbritton, 19 C. C. A. 465; Southerland-Innes Co. v. Thynas, 64 C. C. A. 118.]

2. INSURANCE—MARINE INSURANCE—RIGHT OF SUBROGATION.

The insurer of a cargo is not subrogated to the right of the owner to recover from the vessel for its loss unless it has paid the loss in full.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1506–1508.]

In Admiralty. Suit for loss of cargo.

Wheeler, Cortis & Haight, for libellant.
Butler, Notman & Mynderse, for claimant of steamer.
Anthony M. Menkel, for intervenor.